IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01594-BNB

WILLIE DWAYNE CLARK

    Plaintiff,

v.

COLORADO DEPT. OF CORRECTIONS,
RICK RAEMISCH, Exec. Director CDOC,
ANGEL MEDINA, Asst. Prison Operations,
LOU ARCHULETA, Dep. Director of Prisons,
LARRY REID, Deputy Director of Prisons,
TINO HERRERA, Intelligence,
LARRY TURNER, Contract Monitor,
TRAVIS TRANI, Warden of CSP/CCF,
HAWAII DEPT. OF PUBLIC SAFETY,
TED SAKIA, Director of HDPS,
SHARI KIMOTO, Contract Monitor Administrator,
CORRECTIONS CORPORATION OF AMERICA,
TODD THOMAS, Warden of Saguaro Correctional Center (SCC),
BEN GRIEGO, Asst. Warden of SCC,
JODY BRADLEY, Asst. Warden of SCC,
NICK PASTELLA, Chief of Security of SCC,
N. CARRIER, Chief of Unit Management of SCC,
J. GUILIN, Unit Manager of SCC,
J. ALEXANDER, Unit Manager of SCC,
M. GAWLIK, Security Threat Group Lt. of SCC,
FNU, BURNS, Shift Lt. of SCC,
FNU, RODRIGUEZ, Disciplinary Hearing Officer of SCC,
MANUAL ROMERO, Shift Sgt. of SCC, and
JUAN FLORES, Correctional Counselor of SCC,
FNU, STREETER, Property Officer of SCC,
FNU, FERNINO, Property Officer of SCC,
MITCH MORRISSEY, Deputy District Attorney of Denver,
KEVEN MILYARD, Deputy Director of Prisons,
ROBERT NEFF, Case Manager of Centennial Corr. Facility,
FNU, RODRIGUEZ, Mailroom Sgt. of Centennial Corr. Facility,
DENNIS BURBANK, CDOC Legal Liason,
DAMON HINUIGER, Corrections Corp. of America, President,
FNU, KOLATH, CDOC Capt. of DRDC,
A. SHOAGA, CDOC Case Manager of DRDC,

JAMES OLSON, CDOC Case Manager of CSP,
FNU, MEEHAN, CDOC Lieut. of DRDC,
M. CARLSON, Case Manager of Saguaro Corr. Center,
5 JOHN DOES, CDOC OFFICIALS, and
3 JANE DOES, CDOC OFFICIALS,

     Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

     Plaintiff, Willie Dwayne Clark, initiated this *pro se* civil-rights action under 42 U.S.C. § 1983 by filing a Prisoner Complaint against various Colorado, Arizona, and Hawaii corrections officials alleging that they violated his constitutional rights by (1) improperly classifying and segregating him; (2) retaliating against him; (3) denying him access to legal materials; and (4) treating him differently than other inmates.  He has paid the $400.00 filing fee.

     The Court will construe the Complaint liberally because Mr. Clark is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  The Court has reviewed the Complaint and has determined that it is deficient.  Therefore, Mr. Clark will be directed to file an amended prisoner complaint for the reasons discussed below.

     In the Complaint, Mr. Clark alleges that he is a Colorado state prisoner who was placed in administrative segregation in May 2010.  He asserts that the decision to place him in administrative segregation was improper because it had been "pre-determined" and "had nothing to do with my institutional history."  Mr. Clark asserts that he has remained in administrative segregation for most of the time he has been in custody of

the Colorado Department of Corrections (CDOC) even though his institutional history and behavior does not warrant continued placement in segregation.  He further contends that he received a favorable state court judgment regarding his administrative segregation placement, but that he was transferred by CDOC to Saguaro Correctional Center in Arizona on October 23, 2013 to circumvent the state court decision and as punishment for his attempts to challenge his placement in segregation.  Upon Mr. Clark's arrival in Arizona, he alleges that he was placed in administrative segregation "indefinitely" because he was a transfer inmate from Colorado.  Mr. Clark claims that the conditions of his confinement in Colorado and New Mexico violated his Fourteenth Amendment due process and equal protection rights and his Eighth Amendment right against cruel and unusual punishment.

Mr. Clark also asserts a First Amendment claim alleging that prison officials in Colorado and New Mexico have (1) confiscated, reviewed, and destroyed his legal files; (2) hindered his communications with his lawyer; (3) interfered with his legal mail; and (4) violated his right to be free from retaliation for having exercised his First Amendment rights.

The Court advises Mr. Clark that from the face of the complaint, it appears that the Court lacks personal jurisdiction over the Arizona and Hawaii defendants.  In determining whether a federal court has personal jurisdiction over a defendant, the court must determine "(1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant; and (2) whether the exercise of jurisdiction comports with due process." *Peay v. BellSouth Med. Assistance Plan,* 205 F.3d 1206, 1209 (10th Cir. 2000) (quotations omitted).  Because 42 U.S.C. § 1983 does

not confer jurisdiction, the exercise of jurisdiction over a nonresident defendant must comport with due process.  *See Trujillo v. Williams,* 465 F.3d 1210, 1217 (10th Cir. 2006).  To comport with due process, a plaintiff must demonstrate "minimum contacts between the defendant and the forum state."  *Intercon, Inc. v. Bell Atl. Internet Solutions, Inc.,* 205 F.3d 1244, 1247 (10th Cir. 2000) (quoting *World-Wide Volkswagen Corp. v. Woodsen*, 444 U.S. 286, 291 (1980)). The minimum contacts necessary for specific personal jurisdiction may be established where "the defendant has 'purposefully directed' its activities toward the forum jurisdiction and where the underlying action is based upon activities that arise out of or relate to the defendant's contacts with the forum."  *In re Application to Enforce Administrative Subpoenas Duces Tecum of S.E.C. v. Knowles,* 87 F.3d 413, 418 (10th Cir. 1996) (quoting *Burger King Corp. v. Rudzewicz* 471 U.S. 462, 472 (1985)).

In *Trujillo v. Williams,* a New Mexico state prisoner who had been transferred to a correctional facility in Virginia filed a § 1983 complaint in New Mexico challenging his segregation classification by New Mexico and Virginia prison officials.  *Id.,* 465 F.3d at 1217.  The Tenth Circuit determined that the Virginia defendants lacked sufficient contacts with New Mexico to permit a New Mexico court to exercise personal jurisdiction over them.  *Id.* at 1218-21.  The Tenth Circuit further held that even assuming sufficient minimum contacts existed, allowing a New Mexico court to exercise jurisdiction over the Virginia defendants would offend "traditional conceptions of fair play and substantial justice."  *Id.* at 1221-22.  Accordingly, in the amended prisoner complaint that Mr. Clark is directed to file, he should name only Colorado defendants unless he can show that the exercise of personal jurisdiction over a nonresident defendant would not offend due

4

process.  Mr. Clark may file a separate lawsuit in Arizona that seeks to hold the Arizona defendants accountable for their conduct in Arizona.  *See id.*

Moreover, Mr. Clark's claims against the Colorado defendants are deficient. First, Mr. Clark may not sue the Colorado Department of Corrections for money damages. Eleventh Amendment immunity extends to states and state agencies deemed "arms of the state" that have not waived their immunity, regardless of the relief sought.  *Steadfast Ins. Co. v. Agricultural Ins. Co.*, 507 F.3d 1250, 1252–53 (10th Cir. 2007).  The CDOC is an agency of Colorado that is entitled to Eleventh Amendment immunity.  *See Griess v. Colorado*, 841 F.2d 1042, 1044–45 (10th Cir. 1988).  Congress did not abrogate Eleventh Amendment immunity through Section 1983.  *See Quern v. Jordan*, 440 U.S. 332, 345 (1979).  The Eleventh Amendment applies to all suits against the state and its agencies, regardless of the relief sought.  *See Higganbotham v. Okla. Transp. Comm'n*, 328 F.3d 638, 644 (10th Cir. 2003).  Thus, CDOC is an improper party to this action.

Second, the allegations in the Complaint are disorganized, unnecessarily verbose and repetitive, confusing, and fail to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint

"must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Clark fails to assert his claims in a manner that is clear and concise and allows the Court and each defendant to understand and respond to each asserted claim. Mr. Clark fails to provide "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.* The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

It is Mr. Clark's responsibility to present his claims in a manageable and readable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims. Mr. Clark must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights. The

Court does not require a long, repetitive recitation of facts. Nor should the Court or defendants be required to sift through Mr. Clark's verbose and conclusory allegations to determine the heart of each claim.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the Prisoner Complaint does not meet the requirements of Fed. R. Civ. P. 8. Mr. Clark will be given an opportunity to cure the deficiencies by submitting an amended Prisoner Complaint that states claims clearly and concisely in compliance with Fed. R. Civ. P. 8. The Court will not consider any claims raised in separate attachments, amendments, supplements, motions, or other documents not included in the amended Prisoner Complaint.

Accordingly, it is

ORDERED that Plaintiff, Willie Dwayne Clark, file within thirty (30) days from the date of this order, an amended complaint on the court-approved Prisoner Complaint form that complies with the directives in this Order. It is

FURTHER ORDERED that Mr. Clark shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Clark fails to file an amended complaint that complies with this order to the Court's satisfaction within the time allowed, the complaint and this action may be dismissed without further notice.

DATED at Denver, Colorado, this 31st day of July, 2014.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge